[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action, which bears a return date of May 22, 2001, arises out of a motor vehicle collision in which the plaintiff, Bruce Lowthert, claims to have been injured as a result of the negligence of the defendant, Samuel Marasciulo. The defendant, pursuant to General Statutes § 52-102b
(a), served an apportionment complaint on DP Construction, Inc. on September 21, 2001.
The apportionment defendant has filed motion #105 to dismiss the apportionment complaint for lack of subject matter jurisdiction on the ground that this complaint was not served "within one hundred twenty days of the return date specified in the plaintiff's original complaint," as required by General Statutes § 52-102b (a). Pursuant to Practice Book § 10-31, a motion to dismiss is the proper procedural method to challenge subject matter jurisdiction.
In order to comply with General Statutes § 52-102b, the apportionment complaint should have been served on the apportionment defendant by September 20, 2002. Neither the Supreme or Appellate Court has yet decided whether § 52-102b is mandatory and affects subject matter jurisdiction or is merely directory. "The Superior Court is split on the issue. The majority position in the Superior Court, however, is that the court lacks subject matter jurisdiction over the apportionment complaint when it has been filed more than one hundred twenty days after the return date. Ortiz v. Bridgeport Hospital, Superior Court, judicial district of New London, Docket No. 547104 (February 24, 2000, Corradino, J.) (26 Conn.L.Rptr. 419)." Lostritto v. Community Action Agency of NewHaven, Superior Court, judicial district of New Haven, Docket No. 452101 (August 21, 2002, Booth, J.) (32 Conn.L.Rptr. 738, 2002 WL 31170380).
This court, after a review of the decisions construing General Statutes § 52-102b as mandatory and those to the contrary, agrees with the majority of the Superior Court cases that the provisions of that statute are mandatory and not directory. Hence, this court does not have CT Page 4121 jurisdiction over the apportionment complaint because it was filed more than one hundred twenty days after the return date of the underlying action, and the motion to dismiss is granted.
So Ordered.
Dated at Stamford, Connecticut, this 28th day of March 2003.
William B. Lewis, Judge T.R. CT Page 4122